John Johnson, Jr., et al. v. W. Y. Morton et al.

Decided February 8, 1902.

1.—Deed—Fee Simple Title—Rule in Shelley's Case.

Where a deed conveyed land to the grantees "during their natural life, and after their death to their heirs and assigns," the rule in Shelley's case is applicable, and the grantees took the title in fee simple, and not merely a life estate, the use of the word "assigns" evidencing an intention to give to the grantees the power to convey.

2.—Same—Parol Evidence of Grantor's Intention.

Where the language of a deed brings it within the rule in Shelley's case, parol evidence is not admissible to show the grantor's intention in executing the conveyance.

Appeal from Collin.   Trial below before Hon. J. E. Dillard.

*Abernathy & Beverley,* for appellants.

*T. S. Jackson,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—John Johnson, Sr., and Polly Johnson were husband and wife and were parents of seven children, two of whom, at the time of the making of the deeds hereinafter referred to, were dead, to wit, Mrs. Mattie Mack and Mrs. Mollie Morton, both of whom left children surviving them.

On July 20, 1895, John Johnson, Sr., and Polly Johnson employed H. E. Smith to draw up several deeds, one to each of his five children then living and also to the children of their deceased daughters.   Under this employment deeds were prepared conveying the property described in the petition,—the wording of each of them being the same,—which deeds were duly executed and acknowledged by John and Polly Johnson. The following is a copy of one of the deeds, omitting the description of the land:

"The State of Texas, County of Collin:   Know all men by these presents; That we, John Johnson, Sr., joined by his wife, Polly Johnson, of the county of Collin, in the State aforesaid, for and in consideration of one dollar to us in hand paid by Joseph A. Morton and Merrill Morton, minors, the receipt of which is hereby acknowledged, and the further consideration of love and affection that we have for the said Joseph A. and Merrill Morton, our grandsons, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Joseph A. Morton and Merrill Morton, of the county of Collin and State of Texas, during their natural lives, and after their deaths to their heirs and assigns, all that certain lot, tract or parcel of land described.   [Then follows a description of the land.]

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Joseph A. Morton and Merrill Morton during their natural lifetime, and after their death to their heirs and assigns forever.   And we hereby bind ourselves, our heirs, executors and administrators forever to warrant and forever defend all and singular the said premises unto the said Joseph A. Morton and Merrill Morton, their heirs and assigns against every person whomsoever lawfully claiming or to claim the same."

This suit was instituted on the 15th day of August, 1899, by W. Y. Morton, John Morton, Merrill Morton, Joseph Morton, and James and Lula Morton, the last two being minors and suing by their next friend, all of whom are children of Mrs. Mollie Morton, deceased, against John Johnson, Jr., and others, as defendants, appellants in this court.   The suit was for partition of the land.   It was claimed by plaintiffs that the

respective grantees in the deeds took the fee simple title to the land. The plaintiffs recovered and the defendants appeal.

*Opinion.*—1. It is contended by appellant that the trial court erred in construing the several deeds as vesting the fee in the respective grantees therein named, and in not holding that the grantees took a life estate only in the land. The granting clause of the deeds reads: "Have granted, sold and conveyed, and by these present do grant, sell and convey unto the said Joseph A. Morton and Merrill Morton of the county of Collin, State of Texas, during their natural life and after their death to their heirs and assigns." The habendum clause reads: "To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Joseph A. Morton and Merrill Morton during their natural lifetime, and after their death to their heirs and assigns forever." The trial court was of the opinion that the rule in Shelley's case applied to the language contained in the deeds and that the grantees in the several deeds took title in fee to the land conveyed. We are of the opinion that this conclusion of the trial court is correct. As was said by Chief Justice Wheeler, in the case of Hawkins v. Lee, 22 Texas, 547: "By the common law, when a person takes an estate of freehold, under a deed, will, or other writing, with a limitation in the instrument, by way of remainder, of an interest of the same quality, to his heirs or the heirs of his body, as a class of persons to take in succession, the limitation to the heirs entitles the ancestors to the whole estate. 4 Kent Com., 215; Hancock v. Butler, 21 Texas, 804. The rule of common law, applied to real property, enlarges the estate for life into an inheritance; applied to personal property it makes the tenant for life absolute owner. 4 Kent Com., 227."

It will be seen by reference to the deeds that immediately following the word "heirs" in the granting clause and also in the habendum clause, appears the word "assigns." This word is inconsistent with the intention on the part of the grantors that the grantee should take only a life estate. The word "assigns" evidences the intention on the part of the grantors to give the grantee power to sell and dispose of the property. We conclude that the grantees in the several deeds took title in fee to the land. Tied. on Real Prop., sec. 435; Hancock v. Butler, 21 Texas, 804; O'Brien v. Hillburn, 22 Texas, 617; Brown v. Briant, 44 S. W. Rep., 399.

2. It is next contended that the trial court erred in refusing to permit defendants to introduce parol testimony of H. E. Smith, that at the time the deeds were drawn he was instructed by the grantors to draw them so as to vest in the children of John Johnson, Sr., a life estate and the fee in the children of such grantees, and that John Johnson, Sr., was informed that such was the effect of the deeds made. We do not think there was any error in excluding the evidence. We hold that the language of the deed brought it within the rule in Shelley's case, and

when such is the case parol evidence is not admissible to show the intention of the grantors in executing the deed. Simonton v. White, 93 Texas, 50; Brown v. Briant, supra.

We conclude that there was no error in the record, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.