HUGHES et al. v. TITTERINGTON. (No. 7141.)

(Court of Civil Appeals of Texas. Dallas. June 13, 1914. Rehearing Denied June 27, 1914.)

1. DEEDS (§ 124*)—CONSTRUCTION.

In construing deeds, the intention of the grantor as to whether the heirs of the grantee named do or do not take a remainder after the life estate of the grantee will prevail if such intention is manifest from the language of the deed, though there may be words which, if used unrestrictedly, would bring the conveyance within the rule in Shelley's Case.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 345–355, 416–428, 434, 435, 439, 452; Dec. Dig. § 124.*]

2. DEEDS (§ 128*)—CONSTRUCTION—ESTATES GRANTED.

The first granting clause in a deed conveyed two tracts, gave land to the grantor's daughter and the forced heirs of her body, while the second granted land to her "for life," "to descend" to her heirs forever. The habendum clause contained words giving the daughter absolute title to the land. *Held* that, as the testator's real intention was not clear, the rule in Shelley's Case must be held to operate on the second conveyance, and hence the daughter took a fee, for conveyances should be construed so as to pass the greatest estate to the first taker which the instrument is capable of carrying.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 413–415, 419–421, 427; Dec. Dig. § 128.*]

3. DEEDS (§ 124*)—CONSTRUCTION—SURPLUSAGE.

Where the Legislature, prior to the execution of a deed, had abolished the statute providing for forced heirs, a recital in the deed of a grant to one and her forced heirs must be treated as a grant to one and her heirs; the word "forced" being disregarded as surplusage.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 345–355, 416–428, 434, 435, 439, 452; Dec. Dig. § 124.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by J. B. Titterington against C. R. Hughes and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Campbell, Sonfield, Sewall & Myer, of Houston, and Edward Crane and Geo. C. Edwards, both of Dallas, for appellants. M. D. Gano and Geo. A. Titterington, both of Dallas, for appellee.

RAINEY, C. J. This is an action of trespass to try title brought by appellee against appellants to recover title and possession of 320 acres of land, a part of W. J. Walker headright. Appellants answered by plea of not guilty and upon which issue was joined. A trial was had and resulted in a judgment in favor of appellee.

In December, 1858, William J. Walker, the patentee of the land, executed and delivered to his daughter, Martha A. Hughes, a deed to the said 320 acres, which deed is as follows:

"Know all men by these presents: That I, William „J. Walker, of the state and county aforesaid, for the consideration of one dollar to me in hand paid by my daughter, Martha A. Hughes, have this day, for and in consideration of the above-named sum of one dollar, and for the consideration of the love and affection I bear to my said daughter, Martha A. Hughes, give, grant, bargain, sell and set over to her, my said daughter, Martha A., and to the forced heirs of her body, one league of land, situated in the county of Tyler, in the state of Texas, known as the Hannah Alexander headright. Also one other tract of land, situated in Dallas

county, Texas, and known as the west half of my headright as a colonist in Peter's Colony, being 320 acres of said headright hereby conveyed. I also give, grant and set over to my said daughter one yellow girl, by name Sofa, about ten years old, a slave for life. All of the above-described property I give to my said daughter, Martha A. Hughes, during her natural life, and at her death the said property is to descend to her heirs forever. Together with all and singular the rights, titles, hereditaments, and appurtenances to the same belonging. To have and to hold the same forever, hereby relinquishing all the title and interest that I heretofore possessed in said property to her, the said Martha A. Hughes, her heirs or assigns, forever.

"Witness my hand this 17th day of December, A. D. 1858.          W. J. Walker."

[1, 2] The rights of the parties depend upon the legal construction of said deed. The appellee, who holds under conveyance from Martha A. Hughes, claims that the rule in Shelley's Case applies to said deed, while the appellants claim said deed only conveyed to Martha A. Hughes a life estate, with remainder in fee to her children.

In construing deeds, the rule is that the intention of the grantor will prevail, if such intention is manifest from the language of the deed, though there may be words used therein, if unrestricted, would bring it within the rule in Shelley's Case. Simonton v. White, 93 Tex. 50, 53 S. W. 339, 77 Am. St. Rep. 824; Pearce v. Carrington, 124 S. W. 469. Just what estate the grantor intended to convey to Martha A. Hughes cannot be positively determined from the wording of the deed itself. The first granting clause, and there are two grants to her and the "forced heirs of her body," the land. The second granting clause gives to her "during her natural life, and at her death the said property is to descend to her heirs forever." In the habendum clause the grantor relinquishes "all the title and interest that I heretofore possessed in said property to her, the said Martha A. Hughes, her heirs or assigns forever." By the terms of the second granting clause it would seem the grantor intended to convey to his daughter an estate for life, while in the habendum clause the language places in Martha A. Hughes the absolute title to the property, with power to alienate it. Johnson v. Morton, 28 Tex. Civ. App. 296, 67 S. W. 790. So we think the difficulty of ascertaining the real intention of the grantor is evident from the wording of the deed.

It is held in Hancock v. Butler, 21 Tex. 804, that courts should so construe conveyances as to pass the greatest estate to the first taker which the instrument is capable of passing by fair construction. So construing the deed in this case, the rule in Shelley's Case governs, which gives to Martha A. Hughes a fee-simple title to the exclusion of her children.

In Simonton v. White, it is held that the words "give and convey unto the said Avo Anna Simonton and her bodily heirs," if not qualified, come under the rule in Shelley's Case. The words were qualified in that case, and the court said that the words were conclusively shown to denote the four children named in the deed. There is nothing in the deed here to warrant us in construing the word "heirs" as meaning children of Martha A. Hughes; therefore it falls within the rule in Shelley's Case.

[3] When the deed was written, forced heirs were not known to our law. The statute that existed prior thereto which declared who were forced heirs was repealed in 1856, about two years before the execution of the deed. Volume 4, Gammel's Laws, p. 423. So there was no such thing as forced heirs in this state at that time. As said by Justice Hemphill in Hamilton v. Flinn, 21 Tex. 713, in reference to the repealing act, "the intention was to cut forced heirship up by the roots." There being no forced heirs, the use of the word "forced" immediately preceding the words "heirs of her body" added nothing to them in law but is mere surplusage, and the term stands as though it read "heirs of the body," and there being nothing authorizing a different meaning, when legally construed, we take it to be words of limitation and not of purchase, and therefore the rule in Shelley's Case applies. Scott v. Brin, 48 Tex. Civ. App. 500, 107 S. W. 565.

The judgment is affirmed.