**HOLDEN et al. v. MURPHY et al.**
No. 4354.

Court of Civil Appeals of Texas. Texarkana.
June 8, 1933.

Rehearing Denied June 22, 1933.

Houtchens &. Houtchens, of Fort Worth, for appellants.

Brachfield & Wolfe, of Henderson, Claude McCaleb, of Houston, and Clifford L. Stone, of Henderson, for appellees.

LEVY, Justice (after stating the case as above).

The appellants urge the point on appeal that they have conclusively shown legal title to an undivided interest of one-eighth in the 87⅝-acre tract, and of a one-sixteenth in the 4-acre tract in suit. The 87½-acre tract was the separate property of William Barber, and upon his death the daughter Georgia Barber inherited an undivided one-fourth interest in fee simple, subject to the life estate of her mother, Mrs. Augusta Barber, in one-third of the land. The 4-acre tract being the community property of William Barber, upon his death the daughter Georgia Barber inherited one-fourth of one-half interest in the tract. Georgia Barber's dying on February 11, 1902, without chil-

dren, her surviving husband, C. C. Holden, would inherit under the law of descent and distribution one-half of the lands owned by her. Article 2571, subd. 2, R. S. Accordingly, when C. C. Holden died on May 7, 1929, the children mentioned would take by descent and distribution the interest acquired by their father, C. C. Holden. Although the facts stated were conclusively proven to exist, yet a continuous and present vested interest in the land may not be held to exist in favor of the plaintiffs, in view of the conveyance by Georgia Holden, née Barber, of all her interest in the land, and the legal consequence thereof in the circumstances of the case. As conclusively shown by the evidence, and as stated in the trial court's findings of facts, Georgia Holden, née Barber, on October 9, 1899, and before her marriage, executed a deed° to T. J. Dyer conveying "all that certain tract of land," describing it, to T. J. Dyer and which he and his heirs and assigns were to have and to hold forever. In legal effect, in keeping with elementary rules of construction, the granting clause determines the interest and title intended to be conveyed as the whole interest of the grantor, and T. J. Dyer, the grantee, acquired a fee-simple title to all the interest of Georgia Holden, née Barber, in the two tracts of land. While at the date of the deed the grantor, Georgia Holden, née Barber, was a minor, over 19 years of age, but under 21 years old, the deed was merely voidable at her instance by reason of infancy, and not void. Askey v. Williams, 74 Tex. 294, 11 S. W. 1101, 5 L. R. A. 176; Searcy v. Hunter, 81 Tex. 644, 17 S. W. 372, 26 Am. St. Rep. 837; Brown v. Bank, 88 Tex. 265, 31 S. W. 285, 33 L. R. A. 359; and other cases; 23 Tex. Jur. § 32, p. 725; 1 Devlin on Real Estate (3d Ed.) § 86, p. 137. Her disability as a minor being removed by her marriage on October 16, 1900, and in fact on her birthday on November 6, 1900, it became legally permissible for her to disaffirm this deed, although she was not permitted to do it during the existence of her minority. Cummings v. Powell, 8 Tex. 80; Kilgore v. Jordan, 17 Tex. 341; Miller v. McAden (Tex. Civ. App.) 253 S. W. 901. But, under the rule firmly fixed, the minor after becoming of age, if he is to disaffirm at all, he must do so within a reasonable time after becoming of age. Simkins v. Searcy, 10 Tex. Civ. App. 406, 32 S. W. 849; 23 Tex. Jur. § 45, p. 739. In this particular case the circumstances furnish sufficient basis for the conclusion that Georgia Holden did not intend disaffirmance of the deed made by her. The deed executed by Georgia Holden was placed of record on November 15, 1899. During the lifetime of Georgia Holden and during the lifetime of the husband, C. C. Holden, neither one ever show-

ed disposition or indicated any purpose or took steps of any kind to disaffirm the deed, but for over twenty-five years have permitted the defendants and those under whom they claim to keep possession and to rely on the record of that instrument that Georgia Holden, née Barber, had parted with any title to said property that she might have inherited from her father, William Barber. Affirmance of the deed may be presumed in the circumstances. Simkins v. Searcy, 10 Tex. Civ. App. 406, 32 S. W. 849; Hieatt v. Dixon (Tex. Civ. App.) 26 S. W. 263; Bingham v. Barley, 55 Tex. 281, 40 Am. Rep. 801; Daimwood v. Driscoll (Tex. Civ. App.) 151 S. W. 621. Quoting from 2 Kent's Com. 239, 12 Ed. 295: "His confirmation of the act or deed of his infancy may be justly inferred against him after he has been of age for a reasonable time, either from his positive acts in favor of the contract, or from his tacit assent under circumstances not to excuse his silence."

It is further urged that the deed of 1899 by Georgia Barber, afterwards married to C. C. Holden, to T. J. Dyer did not become operative to pass title to T. J. Dyer because the sale was on credit and there was no proof of delivery of possession of the land or payment of the purchase price. The deed was duly registered upon its execution, and Georgia Holden was not afterwards in possession of the land. There was no renewal of the recited notes, and the last note mentioned was due and payable on October 9, 1905. It is believed the point may not be sustained. Under the statute the purchase-money notes are conclusively presumed to have been paid after four years from date of maturity of such notes, unless extended as provided by law. Article 5521, R. S.;. Fleming v. Todd (Tex. Civ. App.) 42 S.W.(2d) 123. The deeds executed by Mrs. Augusta Barber of date 1899 and of date 1909 purported to convey the estate in fee, and it would be effective as a conveyance of the grantor's interest. Where a grantor conveys all his interest without qualification, his entire right is transferred. Acquiring, as the grantee in the deeds did, the title of the four children and the life estate of the mother, there was a conjunction or merger of the two estates in the grantee. In this view there is ample ground to hold that the defendants G. W. Eaton and W. L. Murphy, entering into possession and claiming the fee to the whole tracts, acquired title by exclusive adverse possession of more than twelve years.

We have carefully considered all assignments of errors, and conclude that they should be overruled.

The trial court has correctly decided the case, and the judgment is affirmed.