**BANKERS LIFE CO. v. ALDERDICE et al.**

No. 1728.

Court of Civil Appeals of Texas. Waco.

March 5, 1936.

Rehearing Denied April 2, 1936.

Coker, Rhea & Vickrey, of Dallas, for appellant.

J. M. Burford, of Dallas, and J. L. Gammon, of Waxahachie, for appellees.

**540**

ALEXANDER, Justice.

In 1902, A. J. Barnes and wife executed and delivered to their daughter, Mrs. Ida Alderdice, the following deed:

"That we A. J. Barnes and E. A. Barnes of the County of Johnson, State of Texas, for and in consideration of the sum of One Dollars, to us in hand paid by Ida Alderdice, the receipt of which is hereby acknowledged, and the further consideration of the love and affection we bear for her have granted, sold and conveyed, and by these presents do grant, sell and convey, unto the said Ida Alderdice, and the heirs of her body and in the event that she should die before J. M. Alderdice, her husband, he, the said J. M. Alderdice shall hold in trust, for said heirs during the term of his natural life the property hereby conveyed the same being a portion of the interest of the said Ida Alderdice in the estate of her mother, of the County of Ellis and State of Texas, all that certain lot tract or parcel of land situated in the County of Ellis and State of Texas, and described as follows, to-wit: (Here follow field notes of the 100 acres in controversy).

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Ida Alderdice her heirs and assigns forever, and we do hereby bind ourselves our heirs, executors and administrators, to warrant and forever defend, all and singular the said premises unto the said Ida Alderdice her heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

At the time of the execution and delivery of said deed, Mrs. Ida Alderdice had seven living children. In 1914, one of said children died intestate without ever having been married. In 1917, Mrs. Alderdice died leaving a will by which she devised all of her property to her surviving husband, J. M. Alderdice. Thereafter the Bankers Life Company acquired J. M. Alderdice's interest in said land. The said J. M. Alderdice died prior to the filing of this suit. In 1930, James Anson Alderdice and five others constituting the surviving children of Mrs. Ida Alderdice brought this suit in trespass to try title to recover the title and possession of the land described in said deed. The defendant filed a cross-action for the land. A trial without a jury resulted in judgment for

plaintiffs for an undivided six-sevenths interest in said land. The defendant appealed.

The rights of the parties depend on the construction to be placed on the above-described deed. It is appellees' contention that the terms "heirs of her body," as used in said deed, are words of purchase and have reference to the seven children of Mrs. Alderdice that were then living, and that said deed had the effect of vesting only a life estate in Mrs. Alderdice with remainder in said children after the death of their mother. On the other hand, it is appellant's contention that the above-quoted words were words of limitation and that the conveyance operated to vest a fee-simple title in Mrs. Ida Alderdice. It may be conceded in the outset that the rule in Shelley's Case is an arbitrary one and that its application has often produced injustice. Nevertheless, it has become a rule of property in this state and it cannot be ignored by the court in the absence of authority from the Legislature. Lacey v. Floyd, 99 Tex. 112, 117, 87 S.W. 665. It is well settled that under said rule a conveyance to a named grantee "and the heirs of his body" in the absence of other qualifying terms vests in the named grantee a fee-simple title to the property so conveyed. Simonton v. White, 93 Tex. 50, 53 S.W. 339, 77 Am.St.Rep. 824; Crist v. Morgan (Tex.Com.App.) 245 S.W. 659, and authorities there cited; Hancock v. Butler, 21 Tex. 804. The conveyance here under consideration was to "Ida Alderdice and the heirs of her body." There are no other qualifying terms in the conveyance except the provision that "in the event that she (Mrs. Alderdice) should die before J. M. Alderdice, her husband, he, the said J. M. Alderdice shall hold in trust for said heirs during the term of his natural life the property hereby conveyed. * * *" "Said heirs," as used in this clause, necessarily refers to "heirs of her body," as previously used in the same sentence. Hence, it may be safely said that the last above-quoted clause providing for a trustee does not in anywise clarify or enlarge on the phrase "heirs of her body" as previously used. If by the phrase "heirs of her body" was meant the heirs of Mrs. Alderdice in an indefinite succession as would undoubtedly be true where such words are used without other qualification, the same meaning must necessarily be applied to the phrase "said heirs" in the

clause providing for a trustee. Consequently, the clause providing for a trustee contains nothing that would justify us in giving a different meaning to the phrase "heirs of her body" as previously used in the deed. It will also be noted that no trustee is provided for to hold the children's supposed interest in the property during the life of Mrs. Alderdice. If they took by purchase as grantees in the deed, as contended by appellees, the title must have vested immediately upon delivery of the conveyance. If it became vested in the children immediately upon delivery of the deed, how could it thereafter be divested out of them and vested in the trustee upon the death of Mrs. Alderdice? If it did not so vest in them immediately, where did their title rest during the life of Mrs. Alderdice? It would be more consistent with the terms of the clause providing for a trustee for us to hold that the heirs of Mrs. Alderdice's body were not to take title by purchase, but by inheritance only upon the death of Mrs. Alderdice, and that as a consequence there was no need for a trustee to hold the title so inherited by said heirs until after Mrs. Alderdice had died and the inheritance had become effective. The provision for a trustee created a mere passive or dry trust and conferred no beneficial interest on the named trustee. Moore v. City of Waco, 85 Tex. 206, 20 S.W. 61; Blumrosen v. Burke (Tex.Civ.App.) 37 S.W.(2d) 1070, 1071.

The fact that the habendum clause conveys the property to said "Ida Alderdice, her heirs and assigns forever," gives added force to the view that Mrs. Alderdice was to take a disposable fee-simple title to the property. Texas Co. v. Meador (Tex. Com.App.) 250 S.W. 148; Johnson v. Morton, 28 Tex.Civ.App. 296, 67 S.W. 790.

There is nothing in this conveyance to indicate that the grantors intended to give to the words "heirs of her body" a different meaning from that ordinarily attached to such words when used in a conveyance, and, in the absence of such showing, we must hold that they were used as words of limitation and not as words of purchase, and that as a consequence, Mrs. Alderdice took a fee-simple title to the property. See, in this connection, Crist v. Morgan, supra, and authorities there cited; White v. Dedmon (Tex.Civ.App.) 57 S.W. 870; Calder v. Davidson (Tex.Civ.App.)

59 S.W. 300; 3 Tex.Law Review, 109; 29 L.R.A.(N.S.) 1009.

The judgment of the trial court is reversed and judgment is here rendered for the appellant for the title and possession of the land in question.