**THOMSON et al. v. SCHRYVER et al.**

**No. 11109.**

Court of Civil Appeals of Texas.
San Antonio.

Feb. 18, 1942.

Rehearing Denied March 4, 1942.

McClanahan & Loughridge, of San Antonio, for appellants.

C. G. Benham, Victor Keller, Al J. Klein, and Forrest A. Bennett, all of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted in the District Court of Bexar County by Ella Thomson, joined by her husband, John Thomson, Aurie Belle Stricklen, joined by her husband, S. T. Stricklen, and Dorothy Imogene Phillippi, a minor, suing by next friend, against Carolyn Schryver, a widow, individually and as the executrix of the estate of Harry V. Schryver, deceased, C. G. Benham, Mrs. May Schryver Gordon and her husband, Ernest Gordon, and Albert A. Schryver, seeking to recover, in a trespass to try title suit, certain real estate located in the City of San Antonio, and in connection with such suit to have the last will and testament of Lula May Schryver construed.

The trial was before the court without the intervention of a jury and resulted in judgment that the plaintiffs take nothing. From this judgment the plaintiffs, hereinbefore named, have prosecuted this appeal.

Appellants and appellees agree that this appeal involves nothing more nor less than the proper construction to be placed upon the will of Lula May Schryver. The entire will is short and reads as follows:

"San Antonio, Texas.
"August 12, 1933.
"I bequeath everything I own in whole or in part to my beloved husband Harry V. Schryver.
"Lula May Schryver.
"In case of death of both, Lula May Schryver and Harry V. Schryver bequeath our estate to be equally divided, after all just debts are paid to my sister Ella Thomson and my brother Fred H. Phillippi—and May Schryver Gordon and Albert A. Schryver.
"Lula May Schryver."

It is not clear from reading the will whether the first signed part thereof is the main will and the last signed part a codicil, or whether both parts constitute the main will. The last part is not dated and may have been executed at the same time the first part was, or it may have been executed at a subsequent date, but, regardless of when the last part was executed, we are of the opinion the construction of the entire instrument will be the same.

The first signed part of the will is sufficient when considered alone to bequeath and devise to Harry V. Schryver a fee simple estate in and to everything owned, in whole or in part, by his first wife, Lula May Schryver. Art. 1291, Vernon's Ann. Civ.Stats., reads as follows:

"When an estate deemed a fee simple.— Every estate in lands which shall thereafter (hereafter) be granted, conveyed or devised to one although other words heretofore necessary at common law to transfer an estate in fee simple be not added, shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction· or operation of law."

In Darragh v. Barmore, Tex.Com.App. 242 S.W. 714, 716, Judge Gallagher, speaking for the Commission of Appeals, used the following language:

"* * * It is undisputed that paragraph 1 is in terms an absolute devise of the property therein described to plaintiffs in error, and that, unless restrained by said subsequent paragraphs, it passes the fee in such property as fully as if it read 'to plaintiffs in error, their heirs and assigns forever,' in express terms. R.S. 1106 [Vernon's Ann.Civ.St. art. 1291].

Such being the case, before such succeeding paragraphs can be held to limit or reduce the estate so granted, the intention of the testatrix that they should have such effect must clearly appear. May v. [San Antonio & A. P.] Town Site Co., 83 Tex. 502, 508, 509, 18 S.W. 959. * * *

"Where, as in this case, there is a provision that upon a certain contingency the estate given shall pass to another, the law favors the first taker and will construe the words of the will to grant to the first taker the greatest estate which they, by a fair construction in harmony with the will as a whole, are capable of passing. Hughes v. Titterington, Tex.Civ.App., 168 S.W. 45, writ refused; Hancock v. Butler, 21 Tex. 804."

In the case at bar Harry V. Schryver was the first taker. By the first part of the will he was given the property of the testatrix in fee simple. The second part of the will provides that upon a certain contingency the estate given shall pass to the other four persons named therein. Under such circumstances the law favors Harry V. Schryver, the first taker, and it is our duty here to construe the words of the will so as to grant to Harry V. Schryver the greatest estate which such words, by a fair construction in harmony with the will as a whole, are capable of passing.

A fair construction of the last part of the will is that while she intended that her husband should inherit her property in fee simple if he survived her, should he fail to survive her then and in that event she wanted her property to pass in fee simple to the four persons named in the second portion of the will. Such a construction gives meaning to each portion of the will and harmonizes the two parts without any conflict.

The expression used was "In case of death of both," (both referring to herself and husband). As has been many times said, she was bound to know that at some future date she and her husband would both be dead, yet she says "In case of," thereby referring to some contingency or doubt. The contingency or doubt could not be with reference to whether or not a time would ever come when they would both be dead, it was certainly some other

contingency that she wished to express. The contingency intended must have been whether or not at the time of her death her husband would have already preceded her in death, (or perhaps both die at the same time), and thus they would both be dead at the time her will would become effective.

If by the second paragraph she intended to refer to some other contingency by the expression "In case of," other than her husband predeceasing her, or both dying at the same time, then the language is not clear, but, on the contrary, is ambiguous and uncertain and cannot be interpreted so as to limit or defeat the clear and complete provision of the first part of the will. In Gilliam v. Mahon, Tex.Com.App., 231 S.W. 712, 713, it is stated:

"Where the first clause of a will in clear, unambiguous language gives and bequeaths to one devisee all the property real and personal of which the testator dies possessed, such estate so given cannot be disturbed, cut down, or diminished by a subsequent clause, which is uncertain and ambiguous in its meaning."

Appellants rely strongly upon the case of Sanger v. Butler, 45 Tex.Civ.App. 527, 101 S.W. 459. There is a very marked distinction between that case and the case at bar. In that case the first taker was expressly given only a life estate and the subsequent paragraph was construed as disposing of the property at the termination of the life estate. Such construction harmonized the two provisions and gave a meaning to each without one conflicting or limiting the meaning of the other. In the case at bar we have a very different situation. The first paragraph devises a fee simple title to all the property, and our contruction of the second paragraph is the only one which will give meaning to both such paragraphs without one conflicting with the other.

Harry V. Schryver was alive at the time of the death of his first wife, Lula May Schryver, and under the will he inherited all of her property in fee simple. This being true plaintiffs below, appellants here, could not recover and the trial court properly so held.

The judgment is affirmed.