### SALVATION ARMY OF TEXAS v. EDMONDSON et al.

#### No. 12553.

Court of Civil Appeals of Texas.
San Antonio.

April 8, 1953.

D. Richard Voges, Floresville, Robert D. O'Callaghan, San Antonio, for appellant.

Murray & McDowell, Floresville, for appellees.

NORVELL, Justice.

This is the first of two suits between the Salvation Army of Texas and the heirs at law of William M. Edmondson. In the present case, the Salvation Army claims under an instrument in writing which was admitted to probate in the county court, but rejected as a will in the district court. The instrument is in the form of a letter and is as follows:

"San Antonio, Texas.
"1–15–50
"Dear Mr. Denmark,
"Stockdale, Tex.
"Dear Friend:-
"I am in the Baptist Memorial hospital for a very serious operation and want you to attent to some business for me. First, my income tax report, which will just be a report. I will include the previous year report, and also, the figures on 1949 Oct. Farm lease $512.50, State and Co. tax 14.84 school taxes $21.50, and I don't know of any other expenses or anything so, these are the figures. As to the 'Will' I have signed a blank sheet of paper of which you could make it out on for Jan. 9, 1950. Being of sound mind I do this day in case of my death, my property and everything reverts back to my father, Will Edmondson. And in case death takes us both, the property, 95 and 93 acres, shall go the organization of the Salvation Army, for the good and help of mankind, no relatives included.

"Trustfully,
"Miss Annie Edmondson
"P. S. If possible get 2 witnesses to it and fix it up, as if I were there, don't you think you could do that, Thanks, for all pst dealings, and prepare it, and give it to Dad, and send the income tax to Austin and thanks a million.

"Yours truly,
"Annie Edmondson"

A sheet of paper was sent with the letter which was blank except for the signature, "Miss Annie Edmondson" at the bottom thereof.

It appears that William M. Edmondson, referred to in the letter as Will Edmondson, survived his daughter, Annie Edmondson, who died on April 28, 1950, and was her sole heir at law. This being true, it is immaterial to the appellant if the letter be probated as a will or not, for, assuming that it is a valid will, William M. Edmondson took a fee simple title thereunder,—the same interest he would receive under the statutes of descent and distribution. The contention of appellant that under the purported will William M. Edmondson received only a life estate, with remainder over to the Salvation Army of Texas, is contrary to the decision of this Court in Thomson v. Schryver, 159 S.W.2d 955, which involved an instrument similar in terms to that now before us. See also, Article 1291, Vernon's Tex.Civ.Stats.; Darragh v. Barmore, Tex.Com.App., 242 S.W. 714; Hughes v. Titterington, Tex. Civ.App., 168 S.W. 45.

Appellant having failed to show that it was in any way prejudiced by the rendition of the order appealed from, the same will be affirmed.