**Frank KOVAC et al., Appellants,**

**v.**

**W. Morse HICKS, Jr., et al., Appellees.**

**No. 4181.**

Court of Civil Appeals of Texas.

Eastland.

May 26, 1967.

Rehearing Denied June 23, 1967.

John H. Holloway, Houston, for appellants.

Guittard, Henderson, Jones & Lewis, O. F. Jones, Victoria, for appellees.

WALTER, Justice.

Frank Kovac, individually and as next friend for his two minor children, filed suit against Dr. W. Morse Hicks, Jr. and Dr. J. L. Coleman to recover damages for the wrongful death of Mrs. Hilda Kovac. The court rendered a summary judgment for the defendants and the plaintiffs have appealed.

Plaintiffs alleged that Mrs. Kovac became ill and Dr. Hicks instructed them to take her to the hospital. Following surgery by Dr. Coleman, Mrs. Kovac died from a ruptured appendix.

Plaintiffs alleged twenty six specific acts of negligence which they say proximately caused the death of Mrs. Kovac. We will copy the first one:

"In failing to timely perform surgery on the dates of August 21st, August 22nd, August 23rd, or August 24th, and prior to

time the actual surgery was performed, under such circumstances and conditions that the defendants knew or should have known, that surgery was necessary. In the alternative only, if defendants did not fail to institute surgery timely, then they were negligent in instituting surgery while her condition was in an advanced stage of deterioration so as to spread the infection process without taking necessary medical standards of care known, or should have been known, to be necessary to wall off the infection."

Plaintiffs also pleaded breach of contract.

The defendants' motion for summary judgment was supported by their depositions and the deposition of Dr. Harold Kleiman and two nurses. The appellant, Frank Kovac, filed his affidavit and that of the custodian of the hospital and medical records and copies of the hospital records. Admissions of the defendants were also tendered in opposition to the motion.

We hold that the court was compelled to sustain appellee's motion for summary judgment because the record shows conclusively that no fact issues were presented when considered in the light of the following authorities: Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, (Tex.Sup.Ct. 1960); Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779, 13 A.L.R.2d 1, (1949). In Bowles v. Bourdon, the court said:

"It is definitely settled with us that a patient has no cause of action against his doctor for malpractice, either in diagnosis or recognized treatment, unless he proves by a doctor of the same school of practice as the defendant: (1) that the diagnosis or treatment complained of was such as to constitute negligence and (2) that it was a proximate cause of the patient's injuries."

We have examined all of appellants' points and find no merit in them. They are overruled. The judgment is affirmed.

On Motion for Findings

Appellants' motion for findings of fact is overruled because they are not appropriate in summary judgment cases. In Rolfe v. Swearingen, 241 S.W.2d 236, (CCA, writ ref. n. r. e.), the court said:

"And as stated in Barron & Holtzoff on Federal Practice and Procedure, pp. 121–2: 'Logically, findings of fact should not be made in disposing of motions for summary judgment. Findings are appropriate only in deciding issues of fact. In granting a motion for summary judgment, however, the court merely rules that there are no material issues of fact; in denying such a motion, the court holds that there are material issues of fact to be tried, but does not decide them.' "