Homer **GALLOP**, Appellant,

v.

**SEAGOVILLE INVESTMENTS, INC., et al.,** Appellees.

No. 16922.

Court of Civil Appeals of Texas.

Dallas.

June 16, 1967.

Rehearing Denied July 21, 1967.

Bill Jones, of McKool, McKool & Jones, Dallas, for appellant.

B. W. Cruce, Jr., Mesquite, John H. McElhaney, Dallas (on appeal only), for appellees.

DIXON, Chief Justice.

Appellant Homer Gallop filed suit against appellees Seagoville Investments Company, Inc. and M. D. Reeves individually for specific performance of an option contract for the purchase for the sum of $16,000 of real estate owned by the Investment Company. M. D. Reeves is the President of the Investment Company and is owner of all except two shares of the corporation's stock.

Appellant Gallop's direct dealings were all with David King, who is alleged to have been the agent of both appellees. David King is President of Seagoville State Bank. M. D. Reeves is the owner of Seagoville State Bank.

Both appellant and appellees filed motions for summary judgment. The motion of appellant was overruled. That of appellees was sustained. Nevertheless the judgment recites that the court heard evidence. And the record contains findings of fact and conclusions of law by the court.

The option contract, dated December 31, 1964, was for a term of 90 days, but upon payment of an additional consideration was extended for 60 days.

The contract contains this provision:

"This option may be exercised by 'Buyer' by giving written notice to Owner of intention to exercise same within the option period and shall thereupon become a binding contract for the sale of said land."

The above quoted provision is the focal point of the controversy. Appellant gave verbal notice of his exercising of the option. He did not give written notice. Nevertheless the papers were sent to Dallas Title Company, whose closing representative was King W. Hopkins. Some delay ensued, apparently due to the necessity of obtaining a survey of the property. Meantime M. D. Reeves sent word that he had decided not to proceed with the sale.

Appellant in his brief contends (1) that David King had authority to act as agent for appellees in handling the deal; (2) that appellant was not required to give written notice of his exercising his option—the contract merely states he *"may"* give written notice, not that he *"must"* give written notice; and (3) even if the contract is construed to mean that he must give written notice, that provision was waived by the sellers who accepted the verbal notice.

Appellees in their brief contend (1) that David King did not have authority to act as agent for appellees; (2) that the quoted provision required written notice; and (3) there was no evidence of ratification, waiver or estoppel and no evidence that David King had apparent authority to act for appellees.

■ The record includes the deposition of David King. He concedes that he handled the deal with appellant in behalf of appellees as far as his authority permitted, but says that he was merely acting as a "go between" in the negotiations between the parties and did not have authority to accept or reject the verbal notice, or to waive the written notice. Since King was an agent for appellees his testimony concerning the facts of his authority is admissible, Cook v. Hamer, 158 Tex. 164, 309 S.W.2d 54 (1958), but insofar as he attempted to say that he did not have authority to waive written notice his testimony is an expression of an opinion or conclusion which is not conclusive on the question.

The record also includes copies of purported depositions of appellant Gallop, appellee Reeves, and Hopkins, Dallas Title Company's closing representative. Unfortunately none of these three copies is signed by the witnesses or notarized by the reporter taking the depositions. The copy of Hopkins' deposition does not even bear the certificate of the reporter.

■ It is undisputed that the court took into consideration these three purported copies of depositions in reaching his decision with reference to the motions for summary judgment. Appellees also refer to them in their argument in support of their summary judgment. We cannot consider these purported copies of depositions in reaching our decision on this appeal. Tian v. Warren, 271 S.W.2d 453 (Tex.Civ.App., San Antonio 1954, writ ref'd n. r. e.); H. Rouw Co. v. Thompson, 297 S.W.2d 241 (Tex.Civ.App., San Antonio 1956, no writ); Baylor v. Ramos, 290 S.W.2d 273 (Tex.Civ.App., San Antonio 1956, writ ref'd n. r. e.); National Bankers Life Ins. Co. v. Rosson, 400 S. W.2d 366 (Tex.Civ.App., Dallas 1966, writ ref'd n. r. e.). In the absence of a proper record we are unable to say that the court properly found that there were no fact questions in this case in regard to waiver, ratification, estoppel as to appellees and as to apparent authority on the part of David King. In summary judgment cases doubts must be resolved against the finding that there are no material fact issues. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup.1965).

■■ Findings of fact and conclusions of law have no place in summary judgment cases. State v. Easley, 404 S.W.2d 296 (Tex.Sup.1966). The only issue is whether there is any material fact issue.

■ In his second and third points of error appellant asserts error on the part of the court in holding that there were no

fact issues in regard to David King's authority as agent and in regard to the question whether appellant Gallop ever exercised his rights under the option agreement. We sustain these points.

The judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.