**Merle G. FULTON, Appellant,**

v.

**Jeannette DUHAIME, Appellee.**

**No. 16503.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 29, 1975.

Rehearing Denied July 10, 1975.

McAninch & Hagerty, Lawrence C. Hagerty, Houston, for appellant.

Bates, Morgan, Madeksho & McCool, Gordon McCool, Houston, for appellee.

EVANS, Justice.

Appellee, Jeannette Duhaime, brought this action against her former husband, Merle G. Fulton, to partition military retirement benefits which she alleged had accrued by reason of his military service during their marriage and therefore constituted community property which had not been awarded to either party upon their divorce. The trial court granted Mrs. Duhaime's motion for summary judgment and awarded her the sum of $2652.00 as her share of retirement benefits received by Mr. Fulton subsequent to their divorce and judgment for one-half of all future payments of such benefits as and when received by Mr. Fulton.

In his first point of error Mr. Fulton asserts error of the trial court in granting the summary judgment because, as a matter of law, the military retirement benefits were not community property. Based on this premise he also argues his second point of error that the trial court lacked jurisdiction over the subject matter and that it could not partition Mr. Fulton's separate property. Mr. Fulton argues, under these points, that the court should have considered the sworn statements contained in his motion for new trial as raising a factual issue as to whether the parties resided in a community property state at the time the military retirement benefits accrued and became vested.

The summary judgment proof conclusively established that the military retirement benefits accrued during the seventeen years of the parties' marriage and vested prior to their divorce. Busby v. Busby, 457 S.W.2d 551 (Tex.1970); Mora v. Mora, 429 S.W.2d 660 (Tex.Civ.App.—San Antonio 1968, writ dism'd). This evidence created a rebuttable presumption that the property was community in nature at the time of the divorce. Texas Family Code Ann. § 5.02, V.T.C.A. (1973); Tarver v. Tarver, 394 S.W.2d 780 (Tex.1965). Further, Mr. Fulton expressly admitted in his sworn controverting affidavit to the motion for summary judgment that he "knew at the time of my divorce that said benefit was community property." Upon this state of the record the trial court properly determined on hearing the motion for summary judgment that as a matter of law the military retirement benefits constituted the community property of the parties at the time of their divorce.

Mr. Fulton argues, however, that the trial court erred in not considering the sworn statements contained in his motion for new trial as creating a fact issue in the case as to whether the benefits were separate or community in nature. One month following the hearing and rendition of summary judgment, but before the entry of the judgment, Mr. Fulton filed his motion for new trial in which he stated under oath that at the time the military benefits had vested neither party had lived in a state which recognized community property. He further stated that his answers to interrogatories were based upon his mistaken belief that the benefits were community property.

The motion for new trial was not supported by affidavits and Mr. Fulton's statements, although sworn, were merely part of a pleading in the case. These statements would not suffice as summary judg-

ment proof even if the motion had been before the court at the time of the summary judgment hearing. Hidalgo v. Surety Savings & Loan Association, 462 S.W.2d 540 (Tex.1971). Generally, affidavits filed with a motion for new trial come too late, as the trial court is charged only with the duty of considering the record as it appears when the motion for summary judgment is heard. Rule 166-A, Texas Rules of Civil Procedure; Superior Stationer's v. Berol Corp., 483 S.W.2d 857 (Tex.Civ.App.—Houston [1st] 1972, no writ). A motion for new trial based upon newly discovered evidence may be considered after the hearing of the motion for summary judgment, but the motion for new trial must be supported by affidavits containing admissible, competent evidence. Jacobi v. Texas Board of Medical Examiners, 308 S.W.2d 261, 265 (Tex.Civ. App.—Waco 1957, writ ref'd n. r. e.); McDonald, Texas Civil Practice, Vol. 4, Sec. 18.16.1, p. 285. Thus, the case relied upon by the appellant, City of Mesquite v. Scyene Investment Co., 295 S.W.2d 276 (Tex.Civ. App.—Dallas 1956, writ ref'd n. r. e.), may be distinguished, if for no other reason, on the ground that the City of Mesquite, in that case, attached to its motion for new trial an affidavit in proper form.

 Although Mr. Fulton argues, under his third point of error, that the trial court erred in not conducting a hearing on his motion for new trial, a letter from Mr. Fulton's attorney to the District Court, contained in the supplemental transcript, recites that a hearing was held on the motion for new trial and that the motion was denied. The record indicates no ruling of the court with respect to the motion and it apparently was overruled by operation of law. It was appellant's burden as proponent of the motion to present it to the court. Rule 329b, T.R.C.P.; McDonald, Texas Civil Practice, Vol. 4, Sec. 18.06.3, p. 247. The record indicates only that the motion was heard and denied by the court. There is no showing that the trial court refused to afford Mr. Fulton a hearing on the motion for new trial.

In his final point of error Mr. Fulton complains that the trial court erred in its failure to file findings of fact and conclusions of law pursuant to his request. It has repeatedly been held that such findings and conclusions have no place in a summary judgment case. Gallop v. Seagoville Investments, Inc., 417 S.W.2d 727 (Tex.Civ.App.— Dallas 1967, writ ref'd n. r. e.); Kovac v. Hicks, 416 S.W.2d 496 (Tex.Civ.App.—Eastland 1957, writ ref'd n. r. e.).

The judgment of the trial court is affirmed.