H. E. DuBOIS, Individually and as Independent Executor of the Estate of Genevieve Rix Fitzwilliam, Deceased, Appellant,

v.

Cleve W. JACOBS, Jr., et ux., Appellees.

No. 12344.

Court of Civil Appeals of Texas, Austin.

Feb. 4, 1976.

Rehearing Denied Feb. 18, 1976.

James T. Odiorne, Bastrop, for appellant.

Allen L. McMurrey, Bastrop, for appellees.

PHILLIPS, Chief Justice.

This suit was brought by appellees under the provisions of the Uniform Declaratory Judgments Act[1] for judicial construction of a mineral reservation in a deed. The question is whether the grantor, now deceased, intended to reserve a one-half royalty interest in perpetuity, as is contended by the appellant, or only for her natural life as asserted by appellees. The trial court found as a conclusion of law that the deed was ambiguous and its terms in conflict. After admitting extraneous evidence, e. g., the contract to deed, the court rendered summary judgment for appellees.

Appellant brings two points of error, contending first that the trial court erred in concluding that as a matter of law the deed in issue was so ambiguous and its terms so conflicting that it could not be construed without resort to extraneous documents, and second, that the trial court erred in admitting into evidence over appellant's objection the contract for deed.

We sustain both points of error and consequently, hold that summary judgment was improvidently granted.

The reservation in the deed is as follows:

"Save and except and reserved in favor of the undersigned, Genevieve Rix Fitzwilliam, her heirs and assigns, out of all of the property above described an undivided ½ royalty of all the oil, gas and/or other minerals in, to and under or that may be produced from the above described properties to be paid or delivered to Genevieve Rix Fitzwilliam, free of cost, for the term of the natural life of the grantor herein; provided that the interest hereby retained shall be one-half (½) of all royalty interest(s) retained, reserved or granted by the holder(s) of the leasehold interests, whether by overriding royalty or otherwise. The grantor herein reserves the right of ingress and egress at all times for the purpose of storing, treating, inspecting, marketing and removing such minerals so produced from the properties.

"Said interest hereby reserved is a non-participating royalty. and shall not participate in the bonuses paid for any oil, gas or other mineral leases covering said land, nor shall it participate in the money rentals which may be paid to extend the time within which a will may be begun under the terms of any lease covering said land. Further, it shall not be necessary for the undersigned, her heirs and assigns, to join in the execution of any leases covering the royalty interest herein reserved, and the grantees, their heirs and assigns, shall have the right to lease said land for oil, gas and other minerals, provided, however, that such lease shall provide for royalties of not less than ⅛:

"a) On all oil, gas and other minerals, liquid or solid, which are produced from the above described properties.

"b) On the proceeds from all liquid hydrocarbons, such as gasoline, butane and protane, or any other manufactured or processed by-products, extracted or recovered from natural gas or casing head gas, produced from such properties.

"c) On the proceeds derived from residue gas, or its by-products, produced from such properties.

"In the event oil, gas or other minerals are produced from said land, then the grantor herein, her heirs and assigns, shall receive not less than ⅟₁₆ portion (being equal to ½ of the customary ⅛) royalty of the entire gross production from the properties herein described, to be paid or delivered to the grantor, her heirs and assigns, free from all costs from royalty oil, gas and other minerals, by-products, manufactured or processed therefrom. However, in the event that grantees, their heirs or assigns,

1. Tex.Rev.Civ.Stat.Ann. art. 2524–1, § 2 (1965).

grant, retain or reserve a royalty interest or overriding royalty interest in excess of ⅛, then the interest hereby retained shall be equal to ½ of such interest(s) so granted, reserved or retained.

"Nothing herein contained shall grant to the grantor, her heirs or assigns, the right to pool the royalties above reserved in favor of the grantor herein."

Appellees contend that the reference in the first sentence of the above quoted reservation to the effect that the production payments be delivered to the grantor, free of cost, for the term of her natural life, created an ambiguity in the instrument as to whether the grantor intended to reserve a perpetual royalty interest or merely one for her life. Appellees further contend, due to this ambiguity, that the trial court was correct in considering summary judgment proof such as the contracts of sale entered into between the parties before the execution of the deed itself in order to determine the extent of the estate the grantor intended to reserve. In support of this theory, appellees cite *Humble Oil & Refining Co. v. Ellison*, 134 Tex. 140, 132 S.W.2d 395 (Tex. Com.App.1939, opinion adopted); *Wilson v. Giraud*, 111 Tex. 253, 231 S.W. 1074 (1921); *Gill v. Peterson*, 126 Tex. 216, 86 S.W.2d 629 (Tex.Com.App.1935, opinion adopted), among others. As we find no ambiguity in the deed, these cases are not in point.

In our opinion the intent of the grantor is clear from the reservation as written and the deed must be honored as drawn. Throughout the reservation, the grantor refers to her "heirs and assigns" in describing the extent of the reservation. Although technical words are not essential to describe a conveyance (or a reservation in a conveyance), when an estate in land is couched in language appropriate for indicating its purpose and effect, the court will not by construction give it a different effect, 19 Tex.Jur.2d Deeds, § 47, at 308 (1960).

If possible, the court must construe the language of a deed so as to give effect to all provisions therein, and not strike down any part of the deed, unless there is an irreconcilable conflict wherein one part of the instrument, in effect, destroys another part thereof. *Benge v. Scharbauer*, 152 Tex. 447, 259 S.W.2d 166 (1953). In *Woods v. Sims*, 154 Tex. 59, 273 S.W.2d 617 (1954) the court held that even when different parts of an instrument appear to be contradictory and inconsistent, the court will harmonize, if possible, the parts and construe the instrument in such a way that all parts may stand.

We find neither an irreconcilable conflict nor any ambiguity in the reservation in question. The grantor has repeatedly referred to herself, her heirs and assigns in describing the extent of the reservation. This terminology has long been held in this state to be words of limitation denoting a fee interest with rights of inheritance and alienability. *Zahn v. National Bank of Commerce of Dallas*, 328 S.W.2d 783 (Tex. Civ.App.1959, writ ref'd n. r. e.); *Texas Co. v. Meador*, 250 S.W. 148 (Tex.Com.App. 1923, jdgmt. adopted); *Johnson v. Morton*, 28 Tex.Civ.App. 296, 67 S.W. 790 (1902, writ ref'd); *Holden v. Murphy*, 62 S.W.2d 189 (Tex.Civ.App.1933, writ ref'd); 19 Tex. Jur.2d Deeds, § 109, p. 915 (1960); Black's Law Dictionary at 857 (Rev. 4th ed. 1968).

Inasmuch as the reservation in the deed described and reserved a non-participation royalty interest, the grantor's reference to the term of her natural life was for the purpose of directing the manner of payment, and had no reference to the duration of the interest retained.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

SHANNON, Justice (concurring).

I concur in the reversal of the judgment.

This is an appeal from the entry of a summary judgment by the district court of Bastrop County.

Appellees, Cleve W. Jacobs, Jr., and wife, Hope E. Jacobs, filed a motion for summary judgment in the declaratory judgment suit which they had filed. The object of the declaratory judgment suit was to obtain the construction by the district court of a mineral reservation in warranty deed signed by Genevieve Rix Fitzwilliam. As stated in the majority opinion, appellant, H. E. DuBois, individually and as independent executor of the estate of Genevieve Rix Fitzwilliam, deceased, contended that the deceased had reserved a one-half royalty interest in perpetuity. Appellees, to the contrary, claimed that the deceased had reserved a one-half royalty interest for the period of her life.

Contrary to Tex.R.Civ.P. 166–A(c) the motion for summary judgment did not " . . . state the specific grounds therefor." However, it is observed that in paragraph II of the motion, appellees state that they and the deceased entered into a contract to convey certain real estate and that the contract to convey was attached to the motion for summary judgment. Paragraph II of the motion reads also, "That as an intricate part of such contract, a deed of conveyance was executed thereunder . . wherein the said Genevieve Rix Fitzwilliam did convey the real estate to the Plaintiffs [appellees]." An examination of the motion for summary judgment shows that appellees attached the contract to convey to the motion and made it a part of the summary judgment proof.

Although inappropriate in a summary judgment proceeding, the district court filed findings of fact and conclusions of law. *State v. Easley,* 404 S.W.2d 296 (Tex. 1966), *Gallop v. Seagoville Investments, Inc.,* 417 S.W.2d 727 (Tex.Civ.App.1967, writ ref'd n. r. e.), *Kovac v. Hicks,* 416 S.W.2d 496 (Tex.Civ.App.1967, writ ref'd n. r. e.), *Reynolds v. Park,* 521 S.W.2d 300 (Tex.Civ.App.1975, writ ref'd n. r. e.), *Fulton v. Duhaime,* 525 S.W.2d 62 (Tex.Civ.App.1975, writ ref'd n. r. e.). The court concluded *inter alia* that the terms of the deed were " . . . in such conflict as to render said deed so ambiguous that the nature of the interest reserved to the Grantor cannot be determined until such conflict has been resolved." The court concluded further that " . . . as a matter of law that this case should be controlled by the rule announced in certain Texas cases which permit the court to refer to the contract for the conveyance in order to resolve and clear up an ambiguity in the language of the deed." The court concluded finally that it had examined the contract to convey and based upon that examination " . . . I find that the deed should be construed as having reserved to the Grantor, during her lifetime an estate consisting of the mineral interest described, and that upon the death of such Grantor said estate was ended."

Where there is a question as to the meaning of an ambiguous instrument, summary judgment is improper. *Thompson v. Hambrick,* 508 S.W.2d 949 (Tex.Civ.App.1974, writ ref'd n. r. e.), *Robert v. E. C. Milstead Ranching, Inc.,* 469 S.W.2d 429 (Tex.Civ. App.1971, writ ref'd n. r. e.), *Chapa v. Benavides Mill & Gin Company,* 420 S.W.2d 464 (Tex.Civ.App.1967, writ ref'd n. r. e.), *Tinnin v. Crook,* 333 S.W.2d 617 (Tex.Civ.App. 1960, writ ref'd n. r. e.).