Larnce LANCASTER, Appellant,

v.

WYNNEWOOD STATE BANK, Appellee.

No. 5037.

Court of Civil Appeals of Texas, Waco.

Aug. 12, 1971.

Bill Glaspy, Mesquite, for appellant.

Andress & Woodgate, Sanders & Nolen, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Lancaster from summary judgment against him in favor of appellee bank for $1226.28, in suit on a note, plus $250. attorneys fees.

Appellee Bank sued appellant Lancaster for $1155.56 due on a note signed by Lancaster, plus reasonable attorneys fees. Appellant answered that he cosigned the note of a Mr. DeOrtiz, and that he signed an agreement which was attached to the note that limited his liability for five months to the time DeOrtiz became twenty-one; that DeOrtiz had passed his twenty-first birthday when the note became delinquent, and appellant was not liable on the note. Appellant made affidavit to his answer that the matters set forth "are true and correct to his best knowledge and belief".

Appellee moved for summary judgment. The record contains the affidavit of John Williams, Loan officer of appellee bank, who testified appellant executed and delivered the note to appellee; that $1155.36 was due on the note computed through June 2, 1970; and that photostat of the note was attached. The note provided for "reasonable attorneys fees on default". The affidavit of John A. Berke, Jr., attorney at law, is attached, testifying a reasonable attorneys fee in suit for over $1000. carried to summary judgment is $500.

The trial court entered summary judgment for appellee for $1226.58 (amount due on note with interest through January 8, 1971), plus $250. attorneys fees.

Appellant appeals on 4 points asserting the trial court erred in granting summary judgment because:

1) There are disputed fact issues raised by the pleadings as to whether appellant's liability on the note was limited.

2) The issue of attorneys fees is a disputed fact issue which cannot be decided by affidavit in a summary judgment proceeding.

We revert to appellant's 1st contention.

Appellant plead that his liability on the note was limited, and made affidavit that his pleading was true "to the best of his knowledge and belief".

Pleadings, even if sworn to, cannot be regarded as summary judgment evidence. Hidalgo v. Surety Savings & Loan Assn., Tex., 462 S.W.2d 540.

And appellant's affidavit "to the best of his knowledge and belief" is ineffectual to oppose motion for summary judgment. Spillyards v. Ferris Brick Co., Tex.Civ.App., NWH, 390 S.W.2d 837; Molsen v. Compania Industrial, Tex.Civ. App., NWH, 394 S.W.2d 271.

Appellant's 1st contention is overruled.

Appellant's 2nd contention asserts reasonable attorneys fees cannot be adjudicated by summary judgment upon affidavit of an attorney that in his opinion a certain sum is reasonable.

Opinion testimony cannot establish any material fact as a matter of law. Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345; and expert

opinion adduced by affidavit on motion for summary judgment does not establish a fact as a matter of law, Gibbs v. General Motors Cp., Tex., 450 S.W.2d 827; Parr v. Fortson, Tex.Civ.App., NWH, 457 S.W. 2d 137.

Appellee contends the award of the $250. attorneys fee is harmless error under Rule 434 Texas Rules of Civil Procedure, since $250. is the minimum fee for District Court under the Minimum Fee Schedule of the State Bar of Texas. We disagree. What is a reasonable attorneys fee is a question of fact to be determined by the trier of fact, and expert opinion of witnesses is not conclusive.

Contention 2 is sustained. The judgment is affirmed as to recovery of $1226.28 on the note; and is reversed as to the $250. attorneys fees, and the matter of attorneys fees is remanded. Costs of appeal are taxed ½ each against appellant and appellee.

Affirmed in part; reversed and remanded in part.