**W. C. WYLIE et ux., Appellants.**

v.

**Bette REED, trustee, a co-partnership, Appellee.**

**No. 5558.**

Court of Civil Appeals of Texas, Waco.

·

May 27, 1976.
Rehearings Denied June 24, 1976.

Life & Bolding, Athens, for appellants.

W. A. Keils, Jr., Teague, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Defendants Wylie, from summary judgment that Plaintiff Reed is owner of all coal and lignite that may be mined and removed by open pit or strip mining methods from a 223.385 tract of land in Freestone County. The judgment further decrees the Wylies own no interest in the coal and lignite on such land by virtue of a certain mineral reservation set out in Warranty Deed from Wylie and wife to James F. Baker dated September 30, 1950.

Plaintiff Reed sued defendants Wylie and wife, alleging plaintiff is owner of all the coal and lignite under or produced from the described land by open pit or strip mining methods; that defendants Wylie on September 30, 1950 conveyed the land to James F. Baker, making the following mineral reservation: "* * * there is hereby excepted and reserved to the grantors herein a ¼ undivided interest in and to all oil, gas and other minerals on and under the land and premises herein described and conveyed * * * "; that such reservation cast a cloud on plaintiff's title; and prayed plaintiff have judgment for title and possession for all coal and lignite that may be mined and removed from the lands by pit or strip mining methods.

Defendants answered by plea of not guilty.

Plaintiff thereafter moved for summary judgment asserting there were no questions of material fact; that plaintiff owns all coal and lignite from the property if mined and removed by open pit or strip mining methods; that the Supreme Court in *Acker v. Guinn*, Tex., 464 S.W.2d 348, held that a mineral reservation as here was not effective to reserve minerals that would be mined by open pit or strip mining methods; that plaintiff thus owns all coal and lignite mined by open pit or strip mining methods from the property.

Plaintiffs attached: 1) the deed from defendants to Baker; the mesne conveyances from Baker into plaintiff (all referring to the reservation in the Wylie to Baker deed), and 2) the affidavit of J. A. Hill, land man for the mining company which states the coal and lignite removed from the premises will be by open pit or strip mining methods; which will deplete or substantially impair the use of the surface estate for agricultural or grazing purposes; and in his opinion the coal and lignite can be recovered only by open pit or strip mining methods.

Defendants replied to plaintiff's motion for summary judgment asserting the reservation in *Acker v. Guinn* was substantially different and distinguishable from that contained in the Wylie-Baker deed; that the Wylie-Baker reservation "was broad enough in its scope and sufficient as a matter of law to include, and did include, coal and lignite, as well as other minerals", and alternatively if the reservation did not include coal and lignite as a matter of law, then it is ambiguous and subject to explanation by the parties as to what was intended.

Defendants attached affidavits of themselves, James F. Baker, Mrs. Baker, and Bowlen Bond.

The Wylies' affidavits state that on September 30, 1950, they sold the land to James F. Baker; that they agreed with Baker that they would reserve "¼ interest in the coal and lignite, along with the oil, gas and other minerals"; that the deed was drawn by Mr. Bowlen Bond, attorney in Teague, Texas; that they told Mr. Bond what the agreement was, and Mr. Bond drew the deed with the following mineral reservation:

> "In addition * * * there is hereby accepted and reserved to the Grantors herein a ¼ undivided interest in and to *all oil, gas and other minerals on and under the land and premises* [1] herein described and conveyed; and it is hereby expressly agreed and understood that Grantors herein, their heirs and assigns shall have, and they hereby have the right of ingress and egress for the sole and only purpose of mining and operating for oil, gas *and all other minerals, on and under said land,*[2] and to produce, mine, save and take care of said products, and to take all usual, necessary and convenient means for working, preparing and removing said minerals from and under and away from said land and premises;"

that Mr. Bond advised the parties he was sure the reservation included the coal and lignite.

The affidavits of James F. Baker, Mrs. Baker, and Honorable Bowlen Bond are almost identical to the Wylies' affidavits.

The trial court granted plaintiff's motion for summary judgment, decreeing plaintiff owner of all the coal and lignite and all royalties due therefrom which is or shall be mined or removed from the described tract by open pit or strip mining methods; and further decreed defendants acquired no interest in the coal and lignite that may be mined or removed from the tract, by virtue of the mineral reservation in the Wylie-Baker deed.

Defendants appeal on 8 points contending among other matters;

The Court erred in considering the affidavit of J. A. Hill as establishing a material fact in this cause, towit: That coal and lignite in the area of the lands made the basis of this lawsuit can be recovered only by open pit or strip mining methods, for the reason that opinion testimony cannot establish any material fact as a matter of law in a summary judgment case.

Our Supreme Court in *Acker v. Guinn* (Tex.1971) 464 S.W.2d 348, held that a mineral deed conveying "an undivided ½ interest in and to all of the oil, gas and other minerals" under a certain tract of land, conveyed no interest in the iron ore. The court held that while the iron ore is a mineral, since it *had* to be mined by open pit or strip mining methods which would destroy or substantially impair the surface, it was not in the contemplation of the parties to be conveyed. The court further held:

> "A grant or reservation of minerals by the fee owner effects a horizontal severance and the creation of two separate and distinct estates: an estate in the surface and an estate in the minerals * * *. The parties to a mineral lease or deed usually think of the mineral estate as including valuable substances that are removed from the ground by means of wells or mine shafts. This estate is domi-

1. Emphasis added.

2. Emphasis added.

nant, of course, and its owner is entitled to make reasonable use of the surface for the production of his minerals. *It is not ordinarily contemplated, however, that the utility of the surface for agricultural or grazing purposes will be destroyed or substantially impaired. Unless the contrary intention is affirmatively and fairly expressed, therefore, a grant or reservation of 'minerals' or 'mineral rights' should not be construed to include a substance that must be removed by methods that will, in effect, consume or deplete the surface estate"* * * *.[3]

*Gibbs v. General Motors,* Tex., 450 S.W.2d 827 holds that summary judgment should be granted, and if granted should be affirmed, only if summary judgment proof establishes a right thereto as a matter of law.

■ And opinion testimony cannot establish any material fact as a matter of law. *Hood v. Texas Ind. Ins. Co.,* 146 Tex. 522, 209 S.W.2d 345; *Gibbs v. General Motors Corp.,* Tex., 450 S.W.2d 827; *Lancaster v. Wynnewood State Bank,* Tex.Civ.App., (Waco) NWH, 470 S.W.2d 78.

Hill's affidavit in full follows:

"My name is J. A. Hill. I am senior land man for Texas Utilities Services, Inc. of Dallas, Texas. As part of my duties, in such position which I have held for the past 7 years, I have been in charge of the land acquisition and title work in an area of Freestone County, Texas, wherein Industrial Generating Company has been and is now producing lignite from the lands and premises by open pit or strip mining methods and none other.

"Affiant further states that he is familiar with and knows the locale of the lands and premises involved in this law suit; that coal and lignite mined and removed from said premises will be by open pit or strip mining methods.

"Affiant further states that by mining and removing coal or lignite by open pit or strip mining methods from said lands and premises, it will deplete or substantially impair the use of the surface estate for agricultural or grazing purposes.

"Affiant in his opinion further states that coal and lignite in the area of the lands made the basis of this law suit can be recovered only by open pit or strip mining methods."

■ *Acker v. Guinn,* supra holds plaintiff had the burden of proving that the coal and lignite in the case at bar *must* be removed by methods that would consume or deplete the surface.

The Hill affidavit is the only evidence that the coal and lignite can be recovered *only* by strip mining methods, and such is an opinion.

Defendants' contention supra is sustained.

REVERSED and REMANDED.

HALL, Justice (concurring).

I concur in the reversal and remand. However, I wish to make it clear that it is my opinion that the reservation in question does not, in the words of *Acker v. Guinn,* "affirmatively and fairly" express on its face an intention by the parties to it "to include a substance that must be removed by methods that will, in effect, consume or deplete the surface estate."

The summary judgment must be reversed and the case remanded for another trial because (1) the plaintiff pleaded for and was awarded in the judgment title to all lignite that *may* be mined by open-pit methods from the tract in question when, under the holding in *Acker v. Guinn,* she received by the grant under review only the lignite that *must* be removed by such methods; and (2) the summary judgment proof does not establish as a matter of law that the lignite in controversy *must* be mined by open-pit methods.

JAMES, Justice (dissenting).

I respectfully dissent. I would reform and affirm the trial court's summary judgment.

---

**3.** Emphasis added.

I agree with the majority in holding that the reservation in question does not, in the words of *Acker v. Guinn,* affirmatively and fairly express on its face an intention by the parties to include a substance that *must* be removed by methods that will, in effect, consume or deplete the surface estate.

In the case at bar, Plaintiff-Appellee Bette Reed, Trustee, has sued for a declaratory judgment, asking the court to tell her what rights Wylie reserved by the 1950 deed reservation, insofar as coal and lignite are concerned. The determination of this matter is strictly a law question, and is governed by *Acker v. Guinn.*

However, the trial court's judgment is in error, in that it held that Plaintiff-Appellee Reed was "the owner of all the coal and lignite that *may* be mined by open pit or strip-mining methods." What the trial court's judgment should have held was that Plaintiff-Appellee Reed was the owner of all the coal and lignite that *must* be mined by open pit or strip-mining methods, which holding would bring the judgment into harmony with *Acker v. Guinn* and *Williford v. Spies,* (Waco, Tex.Civ.App., 1975) 530 S.W.2d 127, no writ.

I would reform the judgment so that it would hold that Plaintiff-Appellee Reed is the owner of all of the coal and lignite that *must* be mined and removed by open pit or strip-mining, and as reformed, I would affirm same. The summary judgment proof shows that there is lignite in the land in controversy, and that is all the summary judgment proof needed to adjudicate this controversy, other than the conveyance instruments before us. The J. A. Hill affidavit may be disregarded.