**H. E. DuBOIS, Individually and as Independent Executor of the Estate of Genevieve Rix Fitzwilliam, Deceased, Appellant,**

v.

**Cleve W. JACOBS, Jr., et ux., Appellees.**

**No. 12556.**

Court of Civil Appeals of Texas, Austin.

May 4, 1977.

James T. Odiorne, Bastrop, for appellant. No brief for appellee.

O'QUINN, Justice.

Appellees brought this action for reformation of conveyance in a deed reserving certain royalty interests in oil, gas, and other minerals and, alternatively, for declaratory judgment holding that the reservation did not include coal, lignite, sand, and gravel.

The record discloses that Genevieve Rix Fitzwilliam in December of 1967 conveyed 326 acres in Bastrop County to Cleve W. Jacobs, Jr., and wife, with reservation to grantor, her heirs and assigns, "an undivided ½ royalty of all the oil, gas and/or other minerals" and specifying that the "interest hereby reserved is a non-participating royalty." The grantor subsequently died, leaving a will by which H. E. DuBois, appellant here and defendant below, became the principal beneficiary of the estate and the independent executor.

In an earlier appeal, after trial of another phase of this controversy, this Court reversed judgment of the trial court, that the deed was ambiguous and its terms in conflict, and we remanded the cause for further proceedings. *DuBois v. Jacobs,* 533 S.W.2d 149 (Tex.Civ.App. Austin 1976, no writ). Full text of the reservation in the deed is quoted in our earlier opinion. 533 S.W.2d 150–151.

Plaintiffs sought in the second trial to show that, through mutual mistake of the parties to the deed, the interest in minerals reserved by the grantor was not limited to her *lifetime,* but by mistake provided a reservation of a *mineral interest in fee.* Under pleadings in the alternative, plaintiffs also sought declaratory judgment that the mineral reservation did not include coal, lignite, sand, and gravel.

After trial before the court without a jury, the court entered judgment that the deed was not subject to reformation on the basis of mutual mistakes in its execution, but did find that the mineral interest, reserved *in fee,* did *not* include "any sand, gravel, coal or lignite."

DuBois appealed only from that part of the judgment declaring that the mineral reservation of "other minerals" did not include sand, gravel, coal or lignite. Appellant brings three points of error, the first being a direct attack upon the holding of the trial court that the mineral reservation in the deed did not include the specified natural materials. The last two points claim there was no evidence and insufficient evidence to support the court's finding.

We will reform the judgment of the trial court and, as reformed, the judgment will be affirmed.

Appellees failed to file a brief on appeal and instead filed a motion which from its contents appears to seek reversal of the trial court's judgment and remand of the cause. The basis for remand presumably is to afford appellees opportunity to introduce evidence as to whether coal, lignite, sand, and gravel on the subject land must be recovered by "shaft mining" or by "strip mining." The prayer fails to state what disposition appellees seek, either of the judgment or the cause.[1] We overrule the motion and will dispose of the case on the record and appellant's brief.

Appellant DuBois takes the position that appellees abandoned the alternative portion of their suit, for "construction of the reservation of mineral interest in the deed" from Mrs. Fitzwilliam to appellees, because appellees "presented no evidence concerning any minerals that may be located in, on, or under the property." We do not regard the introduction of evidence a prerequisite to construction of the deed, which is in evidence and a part of the record on appeal.

In a suit for declaratory judgment the Supreme Court in 1971 had before it a deed purporting to convey "an undivided ½ interest in and to all of the oil, gas *and other minerals* in and under, and that may be produced from" the tract of land. (Emphasis added). The question in that suit was whether an interest in iron ore passed to the grantee under the deed. The Supreme Court held that "Unless the contrary intention is affirmatively and fairly expressed . . . [in the deed] a *grant or reservation* of 'minerals' or 'mineral rights' *should not be construed to include a substance that must be removed by methods that will, in effect, consume or deplete the surface es-*tate." (Emphasis added). *Acker v. Guinn,* 464 S.W.2d 348, 352 (Tex.Sup.1971).

The Supreme Court restated the established rule in Texas that grant or reservation of minerals by the fee owner effects a horizontal severance and creates two separate and distinct estates, an estate in the surface and another estate in minerals. (464 S.W.2d 352, citing *Texas Co. v. Daugherty,* 107 Tex. 226, 176 S.W. 717).

The Court observed in *Acker* that " . . parties to a mineral lease or deed usually think of the mineral estate as including valuable substances that are removed from the ground by means of wells or mine shafts . . . [and although the mineral estate] is dominant . . . and its owner is entitled to make reasonable use of the surface for the production of his minerals [nevertheless, ordinarily it is *not* contemplated] . . . that the utility of the surface for agricultural or grazing purposes will be destroyed or substantially impaired."

The record in this case reflects that prior to execution of the deed, in which grantor reserved an interest in the mineral estate, the parties by preliminary contract recognized that the property to be conveyed was "under a grazing lease" which would prevent delivery of possession until expiration of the lease.

In both the preliminary contract and in the deed the parties agreed that specified portions of the land might be converted by appellees to a subdivision, in contemplation of which the parties provided against necessity of grantor's joinder in plats but that grantor would join in dedication of streets and alleys upon advance payment of $100 per acre on the principal indebtedness.

Thus the record shows the surface was already devoted to grazing purposes and that at least part of the land was suitable for development as a subdivision.

---

1. The prayer in full states:

   "WHEREFORE, premises considered, Appellees pray that the above styled and numbered cause as far as it effects [*sic*] that portion of the judgment which held that the term 'other minerals' as included in such deed of conveyance, does not included [*sic*] coal, lignite, sand and gravel, and that all costs of court herein incurred be taxed against the Appellees."

█ Examination of the full text of the reservation by Mrs. Fitzwilliam, appearing in our earlier opinion, contains nothing, aside from the general reference to "other minerals," even remotely suggesting an intention to reserve in grantor the right to share in minerals that could not be produced without destroying the surface. *Acker v. Guinn, supra.* We hold as a matter of law that the reservation of mineral interest in the deed did not include any substance that must be removed by methods which will in effect consume or deplete the surface estate.

Appellant argues that under the holding in *Acker* and two recent decisions of the Waco Court of Civil Appeals appellees, having failed to present evidence relating in some "manner to the minerals in, on, and under the particular tract of real estate" in this action, "apparently abandoned their action to declare that coal and lignite were not included in the mineral reservation." The decisions of the court of civil appeals are *Williford v. Spies,* 530 S.W.2d 127 (Tex. Civ.App. Waco 1975, no writ) and *Wylie v. Reed,* 538 S.W.2d 186 (Tex.Civ.App. Waco 1976, writ granted, Nov. 10, 1976).

█ It is our view that the holding of the Supreme Court in *Acker* is controlling in this case, and that, in construing the terms of the deed, evidence showing the presence or absence of specific minerals or substances is not essential to construction of the deed. We consider the holding of the Supreme Court to stand for the proposition that in deeds conveying or reserving an "interest in and to all the oil, gas *and other minerals* in and under, and that may be produced from" the land, no interest will pass or be reserved in substances that must be produced in such manner as to destroy, deplete, consume, or substantially impair the surface.

The judgment of the trial court specified certain substances, in which the court found grantor did *not* reserve an interest. We regard the judgment as more restrictive than the rule of *Acker* requires. The judgment of the trial court is modified to provide that the reservation in the deed to appellees did not reserve to grantor *any* substance that must be produced or removed by methods which will in effect consume or deplete the surface estate. As modified, the judgment is affirmed.