Staton MARTIN and Wife, Evelyn
Martin, Appellants,

v.

J. R. SCHNEIDER and Wife, Virginia D.
Schneider, et al., Appellees.

No. 1842.

Court of Appeals of Texas,
Corpus Christi.

Sept. 24, 1981.

Rehearing Denied Oct. 15, 1981.

Thomas Drought, Brite, Drought, Bobbitt & Halter, San Antonio, for appellants.

Richard Hall, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellees.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

Appellants, Staton Martin and wife, Evelyn Martin, brought suit against J. R.

Schneider and wife, Virginia D. Schneider and Betty L. Smith, appellees, seeking a declaratory judgment construing a warranty deed. Appellants contended below that the deed to them from appellees conveyed to them all of the uranium and royalties from the production thereof on a certain tract of land. Both parties moved for summary judgment. The trial court granted appellee's motion. We affirm.

The warranty deed was dated May 28, 1963 and conveyed 265 acres of land in Live Oak County from appellees (and others) to appellants. The pertinent portion of the deed contained the following reservation:

There is excepted from this conveyance and reserved unto Grantors, their heirs and assigns, an undivided one-half (½) interest in and to all of the oil royalty, gas royalty, and royalty in casinghead gas, gasoline, and royalty in other minerals in, on, under and that may be produced from the above described lands for a term of twenty (20) years from the date hereof, and so long thereafter as there is production of oil, gas or any other mineral from the above described lands or any portion thereof, or from a pool or unit which includes all or any part of said land.

Other portions of the deed contained provisions, the net effect of which was to make unnecessary the execution or ratification by appellees of any subsequent leases entered into by appellants. The effect of these provisions and the actions taken by the parties with respect thereto were argued on appeal but it is unnecessary to comment on these matters for the reasons hereinafter stated.

Pursuant to a mining lease executed by appellants, uranium has been discovered on the land in question in commercial quantities, and operations commenced. For purposes of this appeal, three facts which have been established through affidavits must be noted: (1) Uranium ore deposits are found below the land in question at an average depth of 55 to 66 feet, with the shallowest deposit at 20 feet. (2) Two methods of extraction are available, both of which have been employed on appellants' land since 1979. The solution, or in-situ method, entails no destruction or depletion of the surface. On the other hand, the surface, or pit mining method requires destruction of the surface. (3) As of 1963, the time of the Schneider-Martin conveyance, surface mining was the only available means of extraction.

Appellants rely upon *Acker v. Guinn*, 464 S.W.2d 348 (Tex.) and *Reed v. Wylie*, 554 S.W.2d 169 (Tex.) and, the re-trial of *Reed* as reported in 597 S.W.2d 743 (Tex.). In *Acker* the subject was iron ore which was located, as in the present case, near the surface. The criteria laid down for determining whether the ore belonged to the mineral estate or the surface estate were: (1) location with respect to the surface; (2) methods of production, and (3) the effect of production upon the surface. Based upon these criteria the Supreme Court held that the ore belonged to the surface estate and therefore no interest therein passed by the deed.

In the two cases of *Reed* the Supreme Court reaffirmed its holding in *Acker* and extended its ruling somewhat so that the test today as to whether the substance sought to be produced remains a part of the surface estate is "whether *any* reasonable method, including a method as of the date of this opinion, of removal of lignite, coal or iron will consume, deplete or destroy the surface." (Emphasis supplied.)

In the case before us we are presented with a different situation from those of either *Acker* or *Reed* in each of which the dispute was between a surface owner and an *owner* of the mineral estate or some portion thereof. Appellees claim no ownership of any minerals on the subject land. They claim only a portion of the royalty if minerals are produced. A royalty interest does not share the "ownership" traits of a mineral fee interest, and should not be viewed as such. The appellees' reservation of a non-participating royalty interest in "other minerals" carries with it no right to interfere with the surface.

"(T)he owner of a mere royalty interest has no present or prospective possessory interest in the land; ... he owns no part of the minerals (as such) in place; ... he does not become a co-tenant in the mineral estate; ... he cannot, therefore, demand or be forced into an involuntary partition of a mineral fee estate; ... his interest is merely a present vested incorporeal interest."

Jones, *Non-Participating Royalty*, 26 Tex.L. Rev. 569–570 (1948). See *Miller v. Speed*, 259 S.W.2d 235, 241 (Tex.Civ.App.—Eastland 1952, no writ). A non-participating royalty owner is not entitled to produce the minerals himself. Only appellants have the option to produce the minerals and if appellants' surface is damaged thereby, it will be the result of their own actions, not the appellees. The *Reed* cases are limited to mineral ownership and not applicable to a mere royalty interest. The Supreme Court, in the first *Reed* opinion, expressly limited the scope of their holding in noting that: "(W)e are construing the instrument of conveyance *to ascertain ownership* of the substance." *Reed v. Wylie*, 554 S.W.2d 169, 172 (Tex.) (emphasis supplied).

Appellants cite the case of *DuBois v. Jacobs*, 551 S.W.2d 147 (Tex.Civ.App.—Austin 1977, no writ) in which that Court, interpreting a similar reservation of a royalty interest, held that "*no* interest will pass or be reserved in substances that must be produced in such a manner as to destroy, deplete, consume, or substantially impair the surface." 551 S.W.2d at 150 (emphasis supplied). That case was decided prior to either of the *Reed* decisions. In light of the Supreme Court's decisions in *Reed* the *DuBois* case is distinguishable.

■ Two points of law are well settled in Texas, i. e., (1) Whether language of a contract is ambiguous is a question of law for the court, and (2) If the contract in issue is unambiguous it is interpreted as part of the court's obligation to interpret and apply the law. *N. M. Uranium, Inc. v. Moser*, 587 S.W.2d 809 (Tex.Civ.App. writ ref'd n.r.e.), citing authorities.

■ We hold that the royalty reservation in the subject deed is not ambiguous and, therefore, it is not necessary to look to or rule upon the effect of any action which the parties may have taken subsequent to the execution thereof. The deed and reservation of royalty therein speak for themselves. The appellants own the mineral estate. The appellees make no claim to ownership of the minerals in place, but only a right to one-half of the royalty should the appellants ever permit the minerals to be mined.

The judgment of the trial court is affirmed.