**Marshall HOBBS, et al, Appellants,**

**v.**

**C.W. HUTSON, et ux, Appellees.**

**No. 9497.**

Court of Appeals of Texas,
Texarkana.

May 5, 1987.

Rehearing Denied June 16, 1987.

David Lake, Tyler, for appellants.

Wayne Floyd, Mt. Pleasant, for appellees.

CORNELIUS, Chief Justice.

This is a suit to determine ownership of royalty in lignite produced from fifty-three acres of land in Titus County. The dispute centers around the proper construction of a mineral reservation.

Marshall Hobbs and others, herein called "Hobbs," owned the land prior to 1956. They sold it to O.L. Hale in September of 1956 by deed containing this reservation:

SUBJECT, however, to one-sixteenth (¹⁄₁₆th) non-participating royalty interest heretofore reserved in the deed from Marshall Hobbs et ux Ruth and Inez Young et vir Mitchell, to Ernest Milton Hobbs, dated March 15, 1954, recorded in volume 207, page 303 of the Deed Records of Titus County, Texas.

SAVE AND EXCEPT, However, that the grantors herein reserve unto themselves, their heirs, executors and administrators, a one-sixteenth (¹⁄₁₆th) non-participating royalty interest (the same being a one-half (½) of the usual one-eighth (⅛th) royalty in and to eleven-twelfths (¹¹⁄₁₂ths) of all of the oil, gas and minerals, on and under and that may be produced from the above described land herein conveyed, for the period of twenty-five (25) years from the date hereof and as long thereafter as oil, gas or other minerals or either of them is produced or mined from the lands described herein, in paying or commercial quantities. If, at the expiration of said term, oil, gas or otherminerals (sic), or either of them is not produced or mined from said land or any portion thereof, in paying or commercial quanties this contract shall be null and void, and the grantors' rights herein reserved shall terminate.

By mesne conveyances, C.W. Hutson and Helen Hutson, in 1966 acquired title to the land subject to the quoted reservation. The Hutsons later sold the surface to Paul Boggs, reserving one-half of the coal. Boggs in turn sold the land to L.D. Cross, reserving and excepting all of the coal and lignite.

In February of 1956, the Hobbses sold to J.W. Caviness, trustee, a mineral lease on the land in question which specifically covered "clay, coal, lignite and other minerals" but did not cover oil and gas. The lease was ratified by the Hutsons on December 19, 1968. Lignite is being mined from the land by strip mining within 200 feet of the surface. The royalties in dispute are being paid into the registry of the court for disposition according to the decision as to their ownership.

The Hobbses contend that the lignite was included in their mineral reservation. The Hutsons contend that the lignite, under the holdings of *Acker v. Guinn*, 464 S.W.2d 348 (Tex.1971), and *Reed v. Wylie*, 597 S.W.2d 743 (Tex.1980), is part of the surface and was not included in the reservation, and that they own the lignite by

virtue of their reservation when they sold the land to Boggs. The Hobbses counter that if the reservation did not as a matter of law include lignite, the conveyance from them to Hale should be reformed to include it specifically because the parties to the conveyance intended lignite to be included and were mutually mistaken in believing that the effect of the words they used in the reservation had that legal effect.

Both parties sought judgment in the trial court declaring that they owned the lignite. The Hobbses also filed a counterclaim designated a "cross-action," seeking reformation of the conveyance and reservation. Both parties moved for summary judgment. The trial court denied the Hobbs motion and granted the Hutson motion, thereby ruling against the Hobbses as a matter of law on both their claim for declaratory judgment and their claim for reformation. We have concluded that the trial court was correct in ruling that the lignite was not included in the reservation, but that summary judgment against the claim for reformation should not have been granted because the summary judgment proof failed to conclusively defeat the Hobbses' claim in that regard.

Texas has adopted the rule that a reservation between private parties covering oil, gas and other minerals does not include near surface lignite unless the reservation specifically or expressly includes lignite. *Schwarz v. State*, 703 S.W.2d 187 (Tex. 1986); *Moser v. U.S. Steel Corp.*, 676 S.W.2d 99 (Tex.1984); *Reed v. Wylie*, supra; *Acker v. Guinn*, supra. Lignite within 200 feet of the surface is "near surface" as a matter of law. *Reed v. Wylie*, supra. The rule is based on a presumed general intent that a surface owner would not consent to the reservation of a substance when the surface must be destroyed to mine it, unless a specific intent to the contrary is expressed in the instrument. No such specific intent is expressed in the reservation in question here, so lignite is not included.

The Hobbses argue that the quoted rule applies only to disputes between surface owners and mineral owners, and that a specific intent rule should apply when the dispute is between only royalty or mineral claimants, as here. Be that as it may, when the estate here was created by the reservation, the parties to the transaction were surface owners and mineral owners. Thus, the presumed general intent rule applied and is binding on subsequent owners absent the presence of overriding equitable claims or considerations. The trial court correctly concluded that, by the terms of the reservation, lignite was not included.

■ We find, however, that summary judgment should not have been granted to the Hutsons against the Hobbses' claim for reformation.

Reformation may be granted in disputes of this kind on the basis of a mutual mistake of the parties as to the legal effect of the language used in the reservation, i.e., when the parties believed and intended that the legal effect of a reservation of "oil, gas and minerals" would include lignite. *Reed v. Wylie*, supra. The Hobbses pleaded such a state of facts and supported their claim by summary judgment evidence that all parties to the reservation in question intended, believed and were told by their lawyer that the reservation as a matter of law included lignite.

One of the Hutsons' defenses against reformation was that they were innocent purchasers without notice of any mutual mistake. If they sustain that position it will defeat the Hobbses' right to reformation, *Reed v. Wylie*, supra at 749; *Miles v. Martin*, 159 Tex. 336, 321 S.W.2d 62 (1959), but to be entitled to summary judgment on that basis, their summary judgment proof must have *conclusively demonstrated* that the claim for reformation cannot prevail. They attempted to demonstrate that by the affidavit of C.W. Hutson in which he stated that "[a]t the time of purchase of said property, I was not advised by anyone that there was a mistake in the reservations ... nor was I ever advised that the coal and lignite was to be considered part of the reservations...."

The Hobbses' summary judgment proof included, among other things, the mineral lease they executed in 1956 which specifically excluded oil and gas, described lignite

and coal as minerals, and expressly provided for the mining of lignite by strip mining the surface of the land.

A summary judgment proceeding should not amount to a trial by affidavits or by weighing the relative strength of conflicting facts and inferences, and summary judgment is particularly inappropriate when there are ultimate issues such as notice, intent, uncertainty and the like. *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557 (1962); *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952); *Kolb v. Texas Employers' Insurance Association,* 585 S.W.2d 870 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.); 4 R. McDonald, *Texas Civil Practice in District and County Courts* § 17.26.12 (rev. 1984). Unless a defendant movant's summary judgment evidence conclusively negates one or more of the essential elements of the plaintiff's case, summary judgment should not be granted against the plaintiff.[1]

C.W. Hutson's affidavit only stated that he was not *advised* that lignite was intended to be reserved, and there is no summary judgment evidence that Helen Hutson was lacking in knowledge. Moreover, a land purchaser has constructive notice of every provision and recital that appears in any instrument in his chain of title. *Cooksey v. Sinder,* 682 S.W.2d 252 (Tex.1984); *Westland Oil Development Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903 (Tex.1982). Thus, the Hutsons were charged with knowledge of every provision and recital in the lease, and if any fact or recital therein would put a reasonable man upon inquiry, they were also charged with notice of whatever such an inquiry would have revealed. *Miles v. Martin,* supra; *Gulf Production Co. v. Continental Oil Co.,* 139 Tex. 183, 164 S.W.2d 488 (1942); *Texas Osage Co-operative Royalty Pool v. Clark,* 314 S.W.2d 109 (Tex.Civ.App.—Amarillo 1958), *writ ref'd n.r.e. per curiam,* 159 Tex. 441, 322 S.W.2d 506 (1959); *Wessels v. Rio Bravo Oil Co.,* 250 S.W.2d 668 (Tex.Civ.App.—Eastland 1952, writ ref'd); *Blocker v. Davis,* 241 S.W.2d 698 (Tex.Civ.App.—Fort Worth 1951, writ ref'd n.r.e.); *Myers v. Crenshaw,* 116 S.W.2d 1125 (Tex.Civ.App.—Texarkana 1938), *aff'd,* 134 Tex. 500, 137 S.W.2d 7 (1940); *Wilkerson v. Ward,* 137 S.W. 158 (Tex.Civ.App.1911, writ ref'd). The lease's description of lignite as a mineral might or might not be sufficient, depending upon all of the circumstances, to apprise a reasonable person that the previous owners intended to include lignite in a reservation of "other minerals," or to put them to further inquiry to determine the facts. But the characterization of lignite as a mineral, as said with reference to an analogous situation in *Miles v. Martin,* supra, 321 S.W.2d at 69:

> [m]ight well suggest to a prudent purchaser that the provisions and legal effect of the deed were not in accordance with the agreement and understanding of the parties. Whether a person of ordinary prudence with knowledge of this recital would have been put on inquiry and whether a diligent search would have led to a discovery of the mistake are issues to be determined by the trier of fact under all the evidence.

In view of the recorded mineral lease which specifically described lignite as a mineral and the incomplete nature of C.W. Hutson's summary judgment proof, a lack of notice was not conclusively established, and the issue of notice is one of fact to be determined upon a trial. *See Rio Bravo Oil Co. v. Hunt Petroleum Corp.,* 455 S.W.2d 722 (Tex.1970).

The district court correctly denied the Hobbses' motion for summary judgment. Since there is only one judgment, however, and we find it incorrectly granted summary judgment on the claim for reformation, we reverse the judgment and remand the cause for trial on the claim for reformation. See *Reed v. Wylie,* supra at 749.

---

1. For purposes of the counterclaim for reformation, the Hutsons were defendants and the Hobbses were plaintiffs.