**FARM CREDIT BANK OF TEXAS, Appellant,**

v.

**O.L. COLLEY, Jr., and wife, Neva Colley, Appellees.**

No. 6–92–023–CV.

Court of Appeals of Texas, Texarkana.

Jan. 26, 1993.

Rehearing Denied March 3, 1993.

Thomas H. Crofts, Jr., Crofts, Callaway & Jefferson, San Antonio, Franklin A. Poff, Jr., Gooding & Dodson, Texarkana, for appellant.

Robert Rolston, Old, Rolston & Old, Mount Pleasant, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

The Farm Credit Bank of Texas appeals from a summary judgment granted in favor of O.L. and Neva Colley in a declaratory judgment action filed to determine who has the right to royalties from the sale of strip-mined lignite from certain property.

Farm Credit Bank contends that the trial court erred in rendering summary judgment against it because the court erroneously applied a rule of construction which presumes that a royalty interest does not include surface lignite.

Texas Utilities Electric Company produces lignite from parcels of land known as Tracts 61 (42 acres) and 62 (45 acres) in Titus County. A 1935 deed conveying the property from the Federal Land Bank to P.E. Bennett reserved for the Land Bank a 1/16 royalty interest in "all of the oil, gas, and all other minerals in, to, on and under and that may be produced from the land." The Farm Credit Bank derives its claim to royalties from this reservation. Some of the subsequent deeds conveying the property have expressly recognized the Land Bank's reserved interest. The Colleys received the land from Rosa Mae Colley in a deed which stated that it was subject to "all outstanding minerals and/or royalties of record." In 1974, the Colleys entered into a lease with L.D. Cross to allow the surface lignite to be strip-mined from the property. The lease was assigned to Texas Utilities, who mined the surface lignite until April 1989 and paid half of the royalties to the Colleys and deposited a sum equalling the unpaid half into the court registry. The current amount in the registry totals $200,120.65.

Beginning with *Acker v. Gwinn*, 464 S.W.2d 348 (Tex.1971), the Supreme Court has ruled in a series of cases [1] that the term "and other minerals" contained in

1. *Schwarz v. State*, 703 S.W.2d 187 (Tex.1986); *Friedman v. Texaco*, 691 S.W.2d 586 (Tex.1985); *Moser v. U.S. Steel Corp.*, 676 S.W.2d 99 (Tex. 1984); *Reed v. Wylie*, 597 S.W.2d 743 (Tex.

a severance of the mineral estate from the surface estate does not include substances which if mined would threaten the existence of the surface estate.

■ Our Supreme Court has firmly established the rule that lignite within 200 feet of the surface is, as a matter of law, part of the surface estate rather than the mineral estate. *Moser v. U.S. Steel Corp.,* 676 S.W.2d 99 (Tex.1984);[2] *Reed v. Wylie,* 597 S.W.2d 743 (Tex.1980) (*Reed* II); *Reed v. Wylie,* 554 S.W.2d 169 (Tex.1977) (*Reed* I); *Acker,* 464 S.W.2d 348. Thus, a reservation or conveyance between private parties that covers any interest in the oil, gas, and other minerals does not include near surface lignite unless the instrument creating such interest expressly provides otherwise. *Schwarz v. State,* 703 S.W.2d 187 (Tex.1986). The rule is based on the presumed intent that a surface owner would not consent to a reservation or conveyance of a substance when the surface must be destroyed to mine it.

There is disagreement among our Courts of Appeals as to whether the above-stated rule applies to nonparticipating royalty interests. We have held that it does apply, as have the San Antonio and Austin Courts of Appeals. *Hobbs v. Hutson,* 733 S.W.2d 269 (Tex.App.—Texarkana 1987, writ denied); *Storm Associates v. Texaco,* 645 S.W.2d 579 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.); *DuBois v. Jacobs,* 551 S.W.2d 147 (Tex.Civ.App.—Austin 1977, no writ). The Corpus Christi court has held to the contrary. *Martin v. Schneider,* 622 S.W.2d 620 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.).

Appellant argues that the presumed intent on which the decision in *Reed* I and *Reed* II, is based should not apply to nonparticipating royalty because nonparticipating royalty owners have no right to disturb the surface by mining operations. The decision in *Reed* I is *based* on a presumed intent, but the rule is not limited to cases where that intent is manifest. The presumption is one of *general intent*—not *specific intent,* and it applies to all parts of the mineral estate. *Reed* I.

■ Contrary to the statements in *Martin,* 622 S.W.2d 620, nonparticipating royalty in minerals is not a mere *profit a prendre.* It is an interest in land and a part of the total mineral estate in place. *Luckel v. White,* 819 S.W.2d 459 (Tex.1991); *Watkins v. Slaughter,* 144 Tex. 179, 189 S.W.2d 699 (1945); *State National Bank v. Morgan,* 135 Tex. 509, 143 S.W.2d 757 (1940); *Eternal Cemetery Corp. v. Tammen,* 324 S.W.2d 562 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.). As it is a part of the mineral estate, it cannot be a part of the surface estate. Near surface lignite is part of the surface estate.

■ We consider the rule of *Reed* I to be a fixed rule that applies to all conveyances or reservations between private parties covering interests in the mineral estate, unless a contrary intent is expressed in the conveyance or reservation. If we apply this rule to some mineral interests and not to others on the basis of the presumed intent of specific owners, we will create untold confusion in land titles and relegate their adjudication to an *ad hoc* process. This is one of the results *Reed* I and its progeny sought to avoid. Not only would an abandonment of the rule create confusion in land titles, it would produce bizarre results, e.g., a nonparticipating royalty owner having a greater estate than that of his grantor who owned the full mineral estate.

We disagree with the decision in *Martin,* 622 S.W.2d 620, and hold that the rule of *Reed* I and II applies to reservations or conveyances of nonparticipating royalty in minerals as well as to full mineral interests.

The judgment of the trial court is affirmed.

---

1980); and, *Reed v. Wylie,* 554 S.W.2d 169 (Tex. 1977).

**2.** In *Moser v. U.S. Steel Corp.,* 676 S.W.2d 99, the Supreme Court stated, "We continue to adhere

... to our previous decisions which held certain substances to belong to the surface estate as a *matter of law....* *Reed v. Wylie,* 597 S.W.2d 743 (Tex.1980) (near surface lignite, iron and coal)" (emphasis added).